Jess B. Johnson
Pate, Johnson & Church, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310
Attorney for Defendant
*Admitted pro hac vice

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
RICHLAND DIVISION

| UNITED STATES OF AMERICA, | : | CASE NO.: 4:19-CR-6036-SMJ |
|---|---|---|
| | : | |
| v. | : | **REPLY TO GOVERNMENT'S** |
| | : | **RESPONSE TO MOTION TO** |
| | : | **DISMISS** |
| TRENT DREXEL HOWARD, | : | |
| | : | EVIDENTIARY HEARING |
| Defendant. | : | REQUESTED |
| | : | |

Defendant Trent Drexel Howard ("Mr. Howard"), by and through Undersigned Counsel, hereby files this Reply to the Government's Response to Defendant's Motion to Dismiss (ECF No. 24) and respectfully requests that the Court dismiss the indictments now pending against Mr. Howard.

## ARGUMENT

### I. Mr. Howard has not waived his Sixth Amendment right to a speedy trial.

The Government argues that Mr. Howard has waived his right to a speedy trial because he stayed in Kazakhstan when he "*was aware of the federal*

Reply to Government's Response to Motion to Dismiss - 1

*investigation and pending charges during a significant portion of the three months between Defendant's indictment and his arrest...*" (ECF No. 24, p. 7). While the evidence the Government points to shows that Mr. Howard was aware of an investigation, there is no evidence to suggest that Mr. Howard was aware that he had been actually charged with a crime.

First, the indictment was sealed. Second, Counsel inquired of the Government as to whether Mr. Howard had been charged, but the Government refused to provide this information to Counsel. Had the Government explicitly told Counsel or Mr. Howard of the pending indictment and Mr. Howard failed to return home, the Government's argument would be well-taken. But because the Government chose to keep Counsel and Mr. Howard in the dark about the charges, Mr. Howard cannot be faulted for failing to return home.

To support its argument, the Government cites to three cases: *United States v. Sandoval*, 990 F.2d 481 (9th Cir. 1993), *United States v. Manning*, 56 F.3d 1188 (9th Cir. 1995) and *United States v. Aguirre*, 994 F.2d 1454 (9th Cir. 1993). In *Sandoval*, the Ninth Circuit found no violation of the Sixth Amendment because the defendant "was well aware of the indictment against him. He skipped bail and became a fugitive to avoid prosecution." *Id*., at 485. In *Manning*, the district court found that the delay was attributed to the defendant because he "knew of the indictment against him" and failed to return home. *Id*., at 1195. Similarly, in

Reply to Government's Response to Motion to Dismiss - 2

1  *Aguirre*, the Court found that the defendant "knew of the charges against him, yet
2  failed to answer them" which "further undermines his speedy trial claim." *Id.*, at
3  1457.
4        These cases are inapposite, because, as discussed above, Mr. Howard was
5  unaware that he had been indicted at the time of his arrest in Kazakhstan. He was
6  only aware that he was a target in a criminal investigation. Counsel is unaware of
7  any case law imposing legal restraints on targets in criminal investigations. As the
8  Supreme Court has explained: "[u]ntil [an arrest] occurs, a citizen suffers no
9  restraints on his liberty and is not the subject of public accusation..." *United States*
10 *v. Marion*, 404 U.S. 307, 321 (1971). Nonetheless, the Government appears to
11 take the position that targets in criminal investigations must travel to the
12 jurisdiction where the investigation is taking place and remain there until the
13 investigation is complete. Not surprisingly, the Government does not cite to any
14 case law to support this position.
15       It is also important to note that Mr. Howard did not flee to Kazakhstan to
16 avoid potential charges. When agents executed the search warrant at his residence
17 in West Richland, Mr. Howard was already in Kazakhstan for a valid reason (*i.e.*,
18 his regular course of employment). Additionally, there is no indication that Mr.
19 Howard tried to evade law enforcement in Kazakhstan. By all accounts, Mr.
20 Howard was found at his hotel in Kazakhstan where he was expected to be. For all

Reply to Government's Response to Motion to Dismiss - 3

of these reasons, Mr. Howard has not waived his Sixth Amendment right to a speedy trial.

### II. The *Barker* factors demonstrate a violation.

#### i. The length of delay.

As the Government notes, this factor is a "triggering mechanism" which requires the Court to inquire into the other three *Barker* factors if the delay is "sufficiently lengthy." (ECF No. 24, p. 9). The Government maintains that this threshold requirement has not been met because this case is complex and involves extradition (ECF No. 24, p. 10). But even in extradition cases, the Ninth Circuit has cited to the basic rule that, "[d]elays approaching one year are presumptively prejudicial." *United States v. Alexander*, 817 F.3d 1178, 1181 (9th Cir. 2016). *Quoting, United States v. Gregory*, 322 F.3d 1157, 1161-62 (9th Cir. 2003).

The Government does not cite to any authority which holds that a 12-month delay – even in a case involving extradition – is insufficient to trigger an inquiry into the other *Barker* factors. Therefore, the more than 12-month delay in the instant case should trigger an inquiry into the remaining factors.

#### ii. The reasons for delay.

The Government argues that the first three months of delay (between the time of the indictment and Mr. Howard's arrest) are attributable to Mr. Howard (ECF No. 24, p. 11). As discussed above, this argument misses the mark, because

Reply to Government's Response to Motion to Dismiss - 4

Mr. Howard was not aware of the pending charges. The indictment was sealed and Counsel's inquiries into the matter went unanswered. Mr. Howard only knew that he was a target in a criminal investigation. Unless targets in criminal investigations are under some legal restraint that Counsel is not aware of, Mr. Howard cannot be held responsible for the first three months of delay.

With regard to the following nine months, the Government claims that it acted with "reasonable diligence" and is therefore not responsible for the delay (ECF No. 24, p. 11). The level of detail describing the Government's "diligence," however, is thin at best. The Government notes in its response that it sent an Extradition Request packet to Kazakhstan on September 20, 2019 (ECF No. 24, p. 4). It also notes that "*[a]dditional information was sent to Kazakhstan regarding the superseding indictment*" and that *"the Kazak government has made requests for supplemental information and additional assurances which must be coordinated with the State Department*." (ECF No. 24, p. 4-5).

Based on this description, the only action taken by the Government has been to send information to Kazakhstan. We do not know what that information consisted of, nor do we know whether the Government supplied sufficient information to comply with Kazakhstan's laws. Moreover, the Government has failed to explain when the additional information regarding the superseding information was sent to Kazakhstan. The Government has also failed to explain

Reply to Government's Response to Motion to Dismiss - 5

when Kazakhstan made its various requests and when the Government responded to these requests.

Even if the United States is incapable of doing anything beyond sending information to Kazakhstan, the Government cannot claim that it has acted diligently when it provides so little detail. The reasons for the delay must therefore be weighed against the Government.

### iii. Assertion of right.

The Government argues that Mr. Howard waived his right to a speedy trial "*by not returning to the United States despite his awareness of law enforcement activity*." (ECF No. 24, p. 12). As previously discussed, Mr. Howard was not aware that he had been charged at the time of his arrest. Consequently, Mr. Howard did not waive any of his rights guaranteed by the Sixth Amendment.

### iv. Prejudice.

Due to the length of time which has passed since the filing of the indictment, Counsel agrees with the Government that under *United States v. Gregory*, 322 F.3d 1157 (9th Cir. 2003), actual prejudice must be shown. In *Gregory*, the Ninth Circuit explained: "Actual prejudice is typically demonstrated in three ways: 'oppressive pretrial incarceration, anxiety and concern of the accused, and the possibility that the [accused's] defense will be impaired.'" *Id.*, at 1163. *Quoting, United States v. Doggett*, 505 U.S. 647, 656 (1992).

As argued in his opening brief, Mr. Howard has languished in a Kazakhstani detention facility for nine months during a global pandemic to which he is particularly at risk. These circumstances demonstrate that Mr. Howard has suffered oppressive pretrial incarceration as well as heightened anxiety and concern. Counsel contends that these factors alone, combined with the Government's lack of diligence, are enough to establish a violation of Mr. Howard's Sixth Amendment right to a speedy trial.

The Government nonetheless argues that Mr. Howard has made no showing that his defense will be impaired with the passage of time (ECF No. 24, p. 13-14). Counsel, however, has not had meaningful access to the Government's evidence or to Mr. Howard. Without such access, it is virtually impossible for Counsel to articulate what pieces of evidence have eroded with the passage of time. If the Court requires Mr. Howard to make a particularized showing of how his defense has been impaired, Counsel requests that the evidentiary hearing on Mr. Howard's Motion to Dismiss be continued until Counsel has had such access or until the length of delay obviates the need for such a showing.

Counsel also notes that Mr. Howard likely has a right to attend an evidentiary hearing on the Motion to Dismiss under the Sixth Amendment's Confrontation Clause, the Fifth Amendment's Due Process Clause, and Federal Rule of Criminal Procedure 43(a). As Mr. Howard has not waived his right to be

present, Counsel respectfully requests that the Court hold the evidentiary hearing after Mr. Howard has been returned to the United States.

## CONCLUSION

For these reasons, Counsel for Mr. Howard respectfully requests that the Court grant this motion and dismiss the pending indictments. Counsel also respectfully requests that the Court order the Government to take all necessary steps to produce Mr. Howard and that the Court hold an evidentiary hearing on this motion.

This 8th day of July, 2020.

PATE, JOHNSON & CHURCH, LLC

/s/ Jess B. Johnson
Jess B. Johnson
Georgia Bar No.: 322066
Pate, Johnson & Church, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310
Attorney for Defendant
*Admitted pro hac vice*

ARMSTRONG, KLYM & JAMESON, P.S.

/s/ Randy Jameson
Randy Jameson
Armstrong, Klym & Jameson, P.S.
660 Swift Blvd
Richland, WA 99352
Attorney for Defendant

Reply to Government's Response to Motion to Dismiss - 8

**CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 8th day of July, 2020.

        PATE, JOHNSON & CHURCH, LLC

        /s/ Jess B. Johnson
        Jess B. Johnson
        Georgia Bar No.: 322066
        Pate, Johnson & Church, LLC
        101 Marietta Street, Suite 3300
        Atlanta, Georgia 30303
        (404) 223-3310
        Attorney for Defendant
        *Admitted pro hac vice*