FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>TRENT DREXEL HOWARD,<br><br>                    Defendant. | No.   4:19-cr-06036-SMJ<br><br>**ORDER HOLDING MOTION TO DISMISS IN ABEYANCE** |

On June 10, 2020, Defendant Trent Drexel Howard filed a motion to dismiss the indictment, ECF No. 20. The indictment in this matter was unsealed on August 29, 2019, and Defendant was taken into custody in Kazakhstan by Kazakh law enforcement on September 12, 2019. ECF No. 10; ECF No. 24 at 3. Although efforts to extradite Defendant to the United States are underway, the United States has no extradition treaty with Kazakhstan, and it is thus uncertain when—or even if—Defendant will be returned to the United States. ECF No. 24 at 3–5. Defendant argues the Government's delay in obtaining his presence for trial violates his Sixth Amendment right to a speedy trial. ECF No. 20 at 5–10. Defendant requests an evidentiary hearing to "determine if the Government has acted diligently in arresting Mr. Howard and bringing him to trial," and requests the hearing be held

ORDER HOLDING MOTION TO DISMISS IN ABEYANCE – 1

upon his return to the United States so that he may attend the hearing. ECF No. 20 at 2 n.1; ECF No. 25 at 8.

Four non-exclusive factors guide the Court's analysis of whether post-indictment delay violates a defendant's speedy trial rights: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." *United States v. Myers*, 930 F.3d 1113, 1120 (9th Cir. 2019) (quoting *Barker v. Wingo*, 407 U.S. 514, 523 (1972)). Because Defendant remains in Kazakh custody and the timing of his return is uncertain, at this juncture the Court is unable to fully evaluate any of these factors except for Defendant's assertion of his speedy trial right. Furthermore, resolving Defendant's motion will likely require some form of evidentiary hearing on the intricacies of international extradition and the Government's efforts to obtain Defendant's presence for trial in the United States. *See id.* ("Among other things, a court may consider whether the government or the criminal defendant is more to blame for the delay." (quotation omitted)). Defendant has requested to be present for such an evidentiary hearing, if one is held. ECF No. 25 at 8 (citing Fed. R. Crim. P. 43(a)). In view of these facts, the Court finds it is unable to rule on Defendant's motion to dismiss the indictment at this time.

Accordingly, **IT IS HEREBY ORDERED**:

**1.**   Defendant's Motion to Dismiss Indictments for Violation of Defendant's Sixth Amendment Right to a Speedy Trial, **ECF No. 20**,

ORDER HOLDING MOTION TO DISMISS IN ABEYANCE – 2

is **HELD IN ABEYANCE** until Defendant is returned to the United States or the Court otherwise determines it is appropriate to rule on the motion.

2. By **no later than thirty days** after the entry of this Order, the Government shall file a status report addressing each of the following:

    *A.* Defendant's whereabouts, to the best of the Government's knowledge;

    *B.* The Government's efforts, in the preceding thirty days, to have Defendant extradited to the United States;

    *C.* The anticipated date on which Defendant will arrive in the United States;

    *D.* Any other information bearing on the extradition process or Defendant's motion to dismiss.

3. Within **seventy-two hours** of Defendant's return to the United States, the Government shall file a status report addressing Defendant's whereabouts and anticipated date of arrival in custody in this judicial district.

4. Within **seven days** of the filing of the Government's status report described in item 3. above, the parties shall confer and file a single joint status report addressing whether supplemental briefing on

ORDER HOLDING MOTION TO DISMISS IN ABEYANCE – 3

Defendant's motion to dismiss is necessary in light of subsequent legal or factual developments.

    *i.* If additional briefing is necessary, the parties shall propose a supplemental briefing schedule in their joint status report. Any such proposed supplemental briefing schedule shall ensure that all briefs are filed no later than **fourteen days** prior to the date on which the motion is noted for hearing.

5. If counsel for either party requests oral argument on Defendant's motion to dismiss or an evidentiary hearing associated with that motion, they shall observe the requirements of Local Civil Rule 7(i)(3). If neither party requests oral argument or an evidentiary hearing, the parties shall, in their joint status report, propose a date on which Defendant's motion will be noted for hearing without oral argument, which shall be **no sooner than fifteen days** after the filing of the parties' joint status report.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 15th day of July 2020.

    _____
    SALVADOR MENDOZA, JR.
    United States District Judge

ORDER HOLDING MOTION TO DISMISS IN ABEYANCE – 4