FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 25, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:19-cr-06036-SMJ-1 |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS** |
| TRENT DREXEL HOWARD, | |
| Defendant. | |

Before the Court is Defendant's Motion to Sever Counts, ECF No. 60. Pursuant to Federal Rules of Criminal Procedure 8(a) and 14(a), Defendant requests the Court sever Counts 4-15 from Counts 1-3, so that the Counts alleging production and attempted production of child pornography (Counts 4-15) may be tried separately from those alleging receipt, distribution, and possession of child pornography (Counts 1-3). The Court is fully informed and denies the motion.

## BACKGROUND

On January 7, 2020, Defendant was charged by superseding indictment with fifteen child pornography offenses. ECF No. 14. Counts 1-3 allege receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (Count 1); distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A),

(b)(1) (Count 2); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), (b)(2) (Count 3). *Id.* at 2. Counts 4-15 allege production and/or attempted production of child pornography, in violation of 18 U.S.C. § 2251(a), (e). *Id.* at 3–8.

While each count alleges a child pornography offense, there are, as Defendant points out, factual and temporal distinctions between the conduct alleged in Counts 1-3 and the conduct alleged in Counts 4-15. For starters, Counts 1-3 pertain to illicit images and videos allegedly downloaded from the internet, while Counts 4-15 pertain to the alleged covert recordings of minors in Defendant's residence. ECF No. 60 at 2. Further, Counts 2-3 primarily concern conduct allegedly occurring between 2018 to 2019, while Counts 4-15 concern conduct allegedly occurring between 2008 and 2016. ECF No. 14.

Defendant moved to sever the counts, requesting separate trials on Counts 1-3 and Counts 4-15. ECF No. 60. Specifically, Defendant argues that Counts 4-15 are not linked to the first three Counts, and even if they are, joinder of the offenses would cause him to suffer prejudice. *Id.* at 3–4. The Government contends that all counts are properly joined, and stresses that Defendant cannot demonstrate manifest prejudice resulting from joinder given the nature of the charged offenses. ECF No. 80 at 13–14.

//

## LEGAL STANDARD

Under Federal Rule of Criminal Procedure 8, joinder of offenses is proper where the offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). "[T]he validity of the joinder is determined solely by the allegations in the indictment." *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2007) (internal quotation marks omitted). Because the dominant concern is judicial economy, "joinder is the rule rather than the exception." *United States v. Armstrong*, 621 F.2d 951, 954 (9th Cir. 1980).

However, under Federal Rule of Criminal Procedure 14, "[o]ffenses properly joined under Rule 8 may be severed in the trial court's discretion . . . if joinder is prejudicial." *United States v. Johnson*, 820 F.2d 1065, 1070 (9th Cir. 1987). Severance is only warranted where the defendant can "demonstrate clear, manifest, or undue prejudice resulting from joinder." *United States v. Adler*, 879 F.2d 491, 497 (9th Cir. 1988). Joinder of offenses may prejudice the defendant where the jury may use the evidence of separate counts to infer a criminal disposition on the part of the defendant. *Johnson*, 820 F.2d at 1069. However, "[i]f all of the evidence of the separate count would be admissible upon severance, prejudice is not heightened by joinder." *Id.*

//

## DISCUSSION

**A.    Joinder is proper under Rule 8(a)**

Defendant urges that Counts 1-3 and Counts 4-15 are "different in character," pointing to the difference in the accused acts (child pornography downloaded from the internet versus home-production of child pornography) and the asserted lack of temporal proximity. This is a strained contention.

While the Court agrees that the conduct charged in Counts 1-3 arises from different transactions than the conduct charged in Counts 4-15, the charges are "of the same or similar character." Fed. R. Crim. P. 8(a). The Ninth Circuit has explained that "the same or similar character language in Rule 8(a) [is] a rather clear directive to compare the offenses charged for *categorical*, not evidentiary, similarities. *Jawara*, 474 F.3d at 577 (internal quotation marks omitted) (emphasis added).

In ascertaining whether offenses are of the same or similar character, relevant factors include: "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims." *Id.* at 578. A court need not weigh each factor the same; the specific context of the case may direct the weight given a particular factor. *Id.*

### 1. *Elements of the offenses*

The Court agrees with the Government that the overlap in statutory elements weigh in favor of joinder. At a minimum, each offense requires the use of a minor engaged in sexually explicit conduct and an interstate and foreign commerce nexus. *See* 18 U.S.C. §§ 2252A(a)(2)(A), (a)(5)(B); 18 U.S.C. § 2251(a),(e). Each offense imputes a knowledge or intent requirement. *Id.* Most importantly, each offense requires a "visual depiction," *id.*, and visual depictions are the center of evidentiary gravity in each charged offense. Put simply, "[a]ll [fifteen] counts relate to the sexual abuse of children." *United States v. Harvey*, No. 307CR00103RRBDMS, 2008 WL 11395587, at *2 (D. Alaska Feb. 4, 2008).

### 2. *Temporal proximity*

Defendant points the Court to the different date ranges alleged for each offense. True, each Count alleges a different date range, but this is insufficient to compel severance.

Looking strictly at the face of the indictment, the charges allege child pornography offenses occurring over a period of approximately twelve years (2007-2019). ECF No. 14. Count 1, which charges receipt of child pornography, alleges that "[b]eginning on or about December 8, 2007, and continuing until on or about May 15, 2019," Defendant knowingly received child pornography. *Id.* at 2. This

time period patently encompasses each date range alleged in Counts 4-15, and Counts 2-3. *Id.* at 2–7.

There is, however, a significant time gap between the production and attempted production counts and Counts 2-3. But, considering that the offenses are alleged throughout a continuous twelve-year period, with perfect overlap between the dates alleged in Count 1 and those alleged in Counts 2-15, the Court is not persuaded that the time gap between *some* of the offenses compels severance. Accordingly, the Court finds there to be sufficient temporal proximity to weigh in favor of joinder.

### 3.    *Likelihood and extent of evidentiary overlap*

Defendant makes no argument as to this factor. The Government, however, asserts that given the nature of the alleged crimes, there will be more than an incidental evidentiary overlap. ECF No. 80 at 9. The Court agrees.

Count 3 alleges that Defendant "knowingly possess[ed] material which contained one or more *visual depictions* of child pornography. . . ." ECF No. 14 at 2 (emphasis added). Counts 4, 5, 9, and 12 allege that Defendant used a minor to engage in sexually explicit conduct "for the purpose of producing *any visual depiction* of such conduct. *Id.* at 3–6 (emphasis added). The Court can reasonably glean from the face of the indictment that evidence offered to prove Counts 4, 5, 9, and 12 will overlap with evidence offered to prove Count 3.

ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS – 6

Further, each count requires that the visual depiction be produced using materials transported in interstate and foreign commerce, "including a computer." Thus, it can also be gleaned from the indictment that Defendant may have used a common device produced in interstate and foreign commerce to commit each offense. Evidence offered to establish Defendant as the user of a particular device will therefore be relevant to most charged counts.

### 4. *Location of the conduct*

As the Government notes, all of Defendant's offenses are alleged to have occurred at two physical locations within the Eastern District of Washington: two of Defendant's prior residences. ECF No. 80 at 10. Defendant resided at his first address until March or April 2017. *Id.*; *see also* ECF No. 67-5 ¶¶ 15–16. All alleged offenses during that time purportedly occurred at that address, which includes offenses alleged in Count 1. ECF No. 80 at 10; *see also* ECF No. 67-5 ¶ 20. Images upon which Counts 4-15 are predicated were allegedly taken at Defendant's first address. ECF No. 80 at 10; *see also* ECF No. 67-5. Those same images, which are alleged to form part of the basis for Count 3 (possession of child pornography), were later recovered from Defendant's second address. ECF No. 67-5 ¶ 20. At a minimum, the Court can glean from the indictment that all offenses allegedly occurred in the Eastern District of Washington. ECF No. 14. These facts allow the

Court to reasonably infer the type of extensive overlap in location suggested in the Government's briefing, and this factor favors joinder.

     5.     ***Modus operandi***

The Court finds that the *modus operandi* of each alleged offense is similar. The production and attempted production counts are sufficiently related to the *modus operandi* pervading Counts 1-3 that they should not be severed. Namely, each offense alleges sexual abuse of a minor, committed in secret, and with technical savvy. This demonstrates a sufficiently similar *modus operandi* to favor joinder.

     6.     ***Identity of the victims***

The Government concedes that Counts 1-2 and Counts 4-15 involve different victims, but argues this factor nonetheless supports joinder. ECF No. 80 at 11. The Government points the Court to "a victim overlap in Counts 3-15." *Id.* With respect to these Counts, the Court agrees with the Government that the identity of the victims support joinder.

However, Counts 1-2 (receipt and distribution of child pornography) concern materially different victims than those alleged in Counts 4-15. As the Court has discussed, Counts 1-2 pertain to child pornography allegedly downloaded from the internet. Because of the nature of internet crimes, many of the victims alleged in Count 1-2 are likely unidentifiable. By contrast, Counts 4-15 concern minor victims allegedly recorded by Defendant inside his residence. While the Court can infer the

ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS – 8

victim overlap in Counts 3-15 described in the Government's briefing, it cannot say that the victims alleged in Counts 1-2 are the same as those alleged in Counts 4-15. For these reasons, the identity of the victims neither favors nor disfavors joinder.

**B.    Defendant has not made the requisite showing for Rule 14 severance**

Defendant urges that even if the offenses are properly joined, he will suffer prejudice if all counts are tried together. ECF No. 60 at 3. This argument rests on Defendant's contention that the Government is attempting to use evidence pertaining to Counts 1-3 "to bolster its theory that [Defendant] was in fact trying to produce child pornography." *Id.* at 4. The Court finds that Defendant has not met his burden of demonstrating manifest prejudice resulting from joinder.

"Rule 14 sets a high standard for showing prejudice." *United States v. Vasquez-Velasco,* 15 F.3d 833, 845 (9th Cir. 1994). The prejudice must be "of such magnitude that the defendant [is] denied a fair trial." *Id.* at 846 (internal quotation marks omitted).

As an initial matter, Defendant has not identified any prejudice that would result from joinder beyond his theory that the Government seeks joinder to bolster its case. Put simply, this falls short of the requisite showing. And importantly, the Ninth Circuit has directed that trial courts do not abuse their discretion by denying Rule 14 severance where "all of the evidence of the separate counts would be admissible upon severance." *Johnson*, 820 F.2d at 1070. The Court agrees with the

Government that even if the Counts 4-15 were severed, evidence of Counts 1-3 would still be admissible under Federal Rule of Evidence 414.

Rule 414 provides that "[i]n a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered *on any matter to which it is relevant*." Fed. R. Evid. 414(a) (emphasis added). The Rule defines "child molestation," in part, as "any conduct prohibited by 18 U.S.C. chapter 110." *Id.* at (d)(2)(B). Counts 1-3 all charge offenses under 18 U.S.C. § 2252A, and Counts 4-15 all charge offenses under 18 U.S.C. § 2251. Both statutes fall under chapter 110. Defendant is therefore accused of "child molestation," and evidence of Counts 1-3 would be admissible even if the counts were severed from Counts 4-15. Considering this fact, the Court cannot say that "prejudice is [] heightened by joinder." *Johnson*, 820 F.2d at 1069.

Additionally, Defendant has made no attempt to demonstrate why a limiting instruction would be inadequate to prevent prejudice. In similarly situated cases involving joinder of co-defendants, the Ninth Circuit has repeatedly found limiting jury instructions sufficient to cure any risk of prejudice. *See, e.g.*, *United States v. Escalante*, 637 F.2d 1197, 1202 (9th Cir. 1980); *United States v. Sarkisian*, 197 F.3d 966, 978 (9th Cir. 1999). Here too, a limiting jury instruction will neutralize any potential prejudice, and Defendant has failed to demonstrate otherwise.

ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS – 10

**CONCLUSION**

Having reviewed the motion and the record in this matter, the Court finds that all counts are properly joined under Rule 8(a) as offenses "of the same or similar character." Fed. R. Crim. P. 8(a). The Court further finds that in light of the nature of the charged offenses, Defendant failed to meet the heavy burden of demonstrating manifest prejudice compelling Rule 14 severance.

Accordingly, **IT IS HEREBY ORDERED**:

Defendant's Motion to Sever Counts, **ECF No. 60**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 25th day of August 2021.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER DENYING DEFENDANT'S MOTION TO SEVER COUNTS – 11