Jess B. Johnson
Pate, Johnson & Church, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310
Attorney for Defendant
*Admitted pro hac vice

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
RICHLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 4:19-CR-6036-SMJ |
| | : | |
| v. | : | DEFENDANT'S SENTENCING |
| | : | MEMORANDUM |
| | : | |
| TRENT DREXEL HOWARD, | : | |
| | : | |
| Defendant. | : | |

Pursuant to the Court's Order Regarding Schedule for Sentencing (ECF No. 140), Counsel for Defendant Trent Drexel Howard ("Mr. Howard") hereby respectfully submits this Sentencing Memorandum. The Court's order directed the parties to submit sentencing memorandums by December 16, 2021. A joint motion to extend the time for filing sentencing memorandums until December 23, 2021 has been contemporaneously filed by the Government. (ECF No. 143).

## I. Base Offense Level and Enhancements

The PSIR calculates a total offense level of 43. (ECF No. 142, par. 202). Counsel contends that the 5-level enhancement under U.S.S.G. § 4B1.5(b)(1) is

Defendant's Sentencing Memorandum - 1

improper and that the total offense level should therefore be 40. (ECF No. 142, par. 199).

This enhancement is warranted if (1) "the defendant's instant offense of conviction is a covered sex crime" and (2) "the defendant engaged in a pattern of activity involving prohibited sexual conduct." Mr. Howard was convicted of *attempted* child pornography, and Counsel contends that this offense is not included under "prohibited sexual conduct."

Application Note 2 defines "covered sex crime" as:

> (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of such title, not including trafficking in, receipt of, or possession of, child pornography, or a recordkeeping offense; (iii) chapter 117 of such title, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) <u>an attempt or a conspiracy to commit any offense described in subdivisions (A)(i) through (iv) of this note</u>.

(emphasis added).

Application Note 4(A) defines "prohibited sexual conduct" as:

> (i) any offense described in 18 U.S.C. § 2426(b)(1)(A) or (B); (ii) <u>the production of child pornography</u>; or (iii) trafficking in child pornography only if, prior to the commission of the instant offense of conviction, the defendant sustained a felony conviction for that trafficking in child pornography. It does not include receipt or possession of child pornography.

(emphasis added).

Subsection (B) of Application Note 2 specifically includes attempt offenses. Application Note 4(A), however, does not include the word "attempt" and explicitly

Defendant's Sentencing Memorandum - 2

includes "the production of child pornography." For this reason, "prohibited sexual conduct" does not include the offense of *attempted* production of child pornography, and therefore, the 5-level enhancement should not apply in Mr. Howard's case.

Alternatively, the rule of lenity should apply, because the definitions are ambiguous as to whether *attempted* production of child pornography is prohibited sexual conduct. *See*, *United States v. Edling*, 895 F.3d 1153, 1158 (9th Cir. 2018), finding: "The rule of lenity instructs that, where a statute is ambiguous, courts should not interpret the statute so as to increase the penalty that it places on the defendant… the rule of lenity is predicated on the view that courts should be hesitant to impose criminal penalties unless it is clear that the legislature intended such punishment to be available." (citations and quotations omitted).

Here, it is not clear that *attempted* production was to be included, and for this reason, the rule of lenity should void the 5-level enhancement.[1]

**II.     Departures**

Counsel for Mr. Howard will not be advocating for any departures at the sentencing hearing.

---

[1] Counsel notes that these arguments have been rejected by the Eighth Circuit. *See*, *United States v. Morgan*, 842 F.3d 1070 (8th Cir. 2016).

Defendant's Sentencing Memorandum - 3

### III. 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), district courts are directed to impose "a sentence sufficient, but not greater than necessary," in consideration of several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to provide the defendant with needed medical care in the most effective manner, and the need to provide just punishment and afford deterrence. These factors warrant a sentence below the Advisory Guidelines range. Pursuant to the plea agreement, the parties have agreed that 23 years of incarceration is the appropriate disposition.

#### i. The nature and circumstances of the offense

The PSIR details that Mr. Howard covertly recorded minors. Mr. Howard, however, did not profit from this conduct nor did he distribute these recordings to others. Mr. Howard also did not touch, force, or coerce any minors. The 14 individuals listed in the PSIR did not become aware of the recordings until the Government began its investigation. (ECF No. 142, p. 8-10).

Mr. Howard has since accepted responsibility for his actions and entered a plea of guilty. Counsel also notes that prior to the plea agreement Mr. Howard requested a bench trial, in part, to minimize the impact on the 14 individuals listed in the PSIR as well as any potential jurors.

Defendant's Sentencing Memorandum - 4

### ii. History and characteristics of the Defendant

Mr. Howard is 50 years old. Prior to this case, he had never been arrested. (ECF No. 142, par. 208-209). His sister, Cori Montalvo, describes him as likeable and hardworking. (*See*, Exhibit 1). She notes that Mr. Howard has always maintained steady employment and that he often worked overseas "*with a grueling schedule and under very difficult conditions.*" She notes that, "*[h]e made those sacrifices to provide a good life for his family.*"

Ms. Montalvo chronicles the treatment Mr. Howard suffered while he was detained in Kazakhstan for more than a year, including witnessing beatings and suicides. She explains that he agonizes over the fact that he will likely not be released before his mother passes. And she notes Mr. Howard's plans if he is released from prison one day: "*I believe he will be able to find work easily. He is skilled in automotive repair and many construction trades... My husband and I will welcome Trent into our home for as long as he needs.*"

Upon release, it is Mr. Howard's desire is to be a productive member of society. His plan is to live with his sister and do his best to find meaningful employment. And while Mr. Howard's PSIR notes that he has struggled with alcohol abuse, Mr. Howard welcomes any forms of treatment the Bureau of Prisons finds appropriate. (ECF No. 142, par. 244, 245, 250).

Defendant's Sentencing Memorandum - 5

### iii. Provide just punishment and afford deterrence

The COVID-19 pandemic has had a significant impact on the country's criminal justice system, including in the context of criminal sentencing. Courts have found that the balance of sentencing factors under § 3553(a) "weighs differently in the current circumstances." *United States v. Ozols*, 2020 WL 2849893, at *2 (S.D.N.Y. June 2, 2020). In cases where inmates have filed motions for early release from prison, the DOJ has instructed prosecutors to concede that inmates "who present certain CDC risk factors, including Type 2 diabetes and hypertension, automatically establish extraordinary and compelling circumstances" warranting early release from prison. *United States v. Brown*, 2020 WL 5116781, at *4 (S.D. Fla. Aug. 31, 2020).

As a 50-year-old man with several pre-existing medical conditions, including chronic respiratory conditions, Mr. Howard is especially at risk of contracting a severe illness from COVID-19. The CDC and other public health experts have warned that the risk of severe or fatal illness from COVID-19 increases with age, with individuals in Mr. Howard's age group (50 to 64) being four times more likely to require hospitalization than the 18-29 age group and 25 times more likely to die from complications.[2]

---

[2] https://www.cdc.gov/coronavirus/2019-ncov/covid-data/investigations-discovery/hospitalization-death-by-age.html

Defendant's Sentencing Memorandum - 6

Mr. Howard also has several pre-existing medical conditions, including chronic obstructive pulmonary disease ("COPD"), asthma, and high blood pressure. (*See*, Exhibit 2, redacted medical records from January 3, 2019). Public health experts have identified at least COPD and asthma as putting individuals at an increased risk of severe illness from COVID-19.[3]

Being incarcerated also puts Mr. Howard at greater risk. Since the beginning of the pandemic, more than 40,000 federal inmates and more than 8,000 BOP staff have contracted COVID-19.[4] In fact, the DOJ's concession that inmates with pre-existing conditions present "extraordinary and compelling reasons" warranting release from prison "is based on the notion that, while in prison, a defendant cannot socially distance from others…" *United States v. Coffman*, 2020 WL 6384406, at *2 (E.D. Ky. Oct. 29, 2020) (citations omitted). For these reasons, the heightened danger to Mr. Howard's health should be taken into consideration when deciding if the sentence affords just punishment and deterrence.

Moreover, as the Court is well aware, Mr. Howard spent more than 400 days in a Kazakh detention facility. That detention occurred during a global pandemic and in a place where Mr. Howard did not speak the language; he was unable to see

---

[3] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html

[4] https://www.bop.gov/coronavirus/;

Defendant's Sentencing Memorandum - 7

his family; he could not meet with his American lawyer; he lost a significant amount of weight; he threatened self-harm; and he was denied medication. Counsel contends that serving time under such circumstances is far more severe than the conditions to which most inmates in America are subjected. The harshness of the time served in Kazakhstan should also be considered when deciding if the sentence provides for a just punishment and affords deterrence.

### IV. Supervised release

While the parties have agreed to a 23-year custodial sentence, the parties have not agreed to a term of supervised release. Counsel contends that the minimum amount (5 years) is warranted, considering Mr. Howard's age upon release, medical conditions, and lack of criminal history. Mr. Howard will also be monitored for life through the sex offender registry.

## CONCLUSION

For these reasons, Counsel for Mr. Howard requests that the Court sentence Mr. Howard to the length of time agreed upon by the parties.

This 23rd day of December, 2021.

          PATE, JOHNSON & CHURCH, LLC

          <u>/s/ Jess B. Johnson</u>
          Jess B. Johnson
          Georgia Bar No.: 322066
          Pate, Johnson & Church, LLC
          101 Marietta Street, Suite 3300
          Atlanta, Georgia 30303
          (404) 223-3310
          Attorney for Defendant
          **Admitted pro hac vice*
          ARMSTRONG & JAMESON, P.S.

          <u>/s/ Randy Jameson</u>
          Randy Jameson
          Armstrong & Jameson, P.S.
          1491 Tapteal Dr., Suite A
          Richland, WA 99352
          Attorney for Defendant

# **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 23rd day of December, 2021.

                        PATE, JOHNSON & CHURCH, LLC

                        <u>/s/ Jess B. Johnson</u>
                        Jess B. Johnson
                        Georgia Bar No.: 322066
                        Pate, Johnson & Church, LLC
                        101 Marietta Street, Suite 3300
                        Atlanta, Georgia 30303
                        (404) 223-3310
                        Attorney for Defendant
                        *Admitted pro hac vice*