Jess B. Johnson
Pate, Johnson & Church, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310
Attorney for Defendant
*Admitted pro hac vice

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON
RICHLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO.: 4:19-CR-6036-SMJ |
| | : | |
| v. | : | |
| | : | **DEFENDANT'S RESPONSE** |
| | : | **TO THE GOVERNMENT'S** |
| | : | **SENTENCING MEMORANDUM** |
| | : | |
| TRENT DREXEL HOWARD, | : | |
| | : | |
| Defendant. | : | |

Defendant Trent Drexel Howard ("Mr. Howard"), by and through Undersigned Counsel, hereby files this Response to the Government's Sentencing Memorandum and respectfully states the following:

I. <u>Restitution and Assessments</u>

The Government requests the following amounts of restitution to individuals, presumably pursuant to 18 U.S.C. § 2259:

- $5,000 to the "first Series"

- $10,000 to the "second Series"

(ECF No. 145, p. 11).

Defendant's Response to Government's Sentencing Memorandum - 1

The Government is also seeking $5,000 under the JVTA (18 U.S.C. § 3014(a)(3) and $28,000 assessment pursuant to the AVAA (18 U.S.C. § 18 U.S.C. § 2259B(b)) (ECF No. 145, p. 12, 15). The total amount requested is $48,000.[1]

A.  18 U.S.C. § 2259

18 U.S.C. § 2259(b) states the following:

> (2) **Restitution for trafficking in child pornography.**--If the defendant was convicted of trafficking in child pornography, the court shall order restitution under this section in an amount to be determined by the court as follows:
>
> (A) **Determining the full amount of a victim's losses.**--The court shall determine the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim.
>
> (B) **Determining a restitution amount.**--After completing the determination required under subparagraph (A), the court shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000.

The Ninth Circuit has directed: "the losses, including ongoing losses, caused by the original abuse of the victim should be disaggregated from the losses caused by the ongoing distribution and possession of images of that original abuse, to the extent possible." *United States v. Galan*, 804 F.3d 1287, 1291 (9th Cir. 2015). Moreover,

---

[1] By filing this response, Counsel does not intend to violate any terms of the parties' plea agreement. To the extent that the Court finds any arguments advanced in this response would violate a term of the plea agreement, Counsel respectfully withdraws the respective argument.

Defendant's Response to Government's Sentencing Memorandum - 2

the Government bears the burden of proving losses for restitution by a preponderance of the evidence. *United States v. Waknine*, 543 F.3d 546, 556 (9th Cir. 2008).

In a 2019 case in Oregon, the "first Series" victim similarly requested $5,000. The district court noted that according to a Department of Justice database, 21 defendants had been ordered to pay the victim $82,225 and found it reasonable to award the victim $2,000. *See*, *United States v. Collier*, No. 3:16-CR-348-SI, 2019 WL 6213155, at *5 (D. Or. Nov. 21, 2019). Similar to the Oregon case, the Government here states that only a single image of this victim was found and that there was no evidence that Mr. Howard played any role in the production of the image. For these reasons, Counsel contends that an award of $3,000 is appropriate (the current minimum amount set by statute).

In a 2019 case in Minnesota, the Government requested $3,000 for the "second Series" victim and the victim herself requested $15,000. The district court reasoned: "[The Defendant's] role in causing [the victim's] losses is very limited. He received multiple images of [the victim] (13), but he was not involved with producing, reproducing, or distributing any of her images. Considering [the victim's] significant outstanding losses, but also [the defendant's] very limited causal role, the Court finds that $3,000 is an appropriate amount..." *United States v. Erickson*, 388 F. Supp.3d 1086, 1093 (D. Minn. 2019). Counsel contends that $3,000 is the appropriate award to the "second Series" victim in the instant case as well.

Defendant's Response to Government's Sentencing Memorandum - 3

### B. The JVTA

18 U.S.C. § 3014 provides, in part: "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under... chapter 110 (relating to sexual exploitation and other abuse of children)..."

The PSIR states that Mr. Howard does not have the ability to pay a fine within the guidelines range. (ECF No. 147, par. 258-260). As far as Counsel is aware, the only financial account belonging to Mr. Howard which contains funds is the carpenter's union account, mentioned by the Government in its memorandum. (*See*, ECF No. 145, p. 14). Counsel contends, however, that the amount in the account (approximately $9,600) does not change the fact that Mr. Howard is indigent. Mr. Howard will likely be subject to restitution and any remaining amounts will quickly dwindle paying for the necessities of life upon release. For these reasons, Counsel contends that an assessment under the JVTA is improper.

### C. The AVAA

18 U.S.C. § 2259A(a)(3) provides, in part: "In addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess... not more than $50,000 on any person convicted of a child pornography production offense." Subsection (c) explains: "In determining the amount of the assessment under subsection (a), the court shall consider the factors set forth in sections 3553(a) and 3572."

Defendant's Response to Government's Sentencing Memorandum - 4

As argued in Section (B) above, Mr. Howard's ability to pay is very limited. He will be incarcerated for many years. By the Government's calculations, he would only earn $2,100 while in the custody of the Bureau of Prisons. And when he is released from custody, he will be elderly, a convicted felon, and subject to sex offender registration requirements. While Mr. Howard intends to find employment and to pay for life's necessities, his ability to pay a significant assessment is speculative and likely not realistic.

Mr. Howard has also agreed to – and intends to – pay restitution to the victims who request it. The Government calls this a "windfall" because more victims have not requested restitution. (ECF No. 145, p. 16, 17). But this is not a windfall. Every case is different, and in this case, only two victims have sought restitution despite others being given the opportunity. This fact is entirely out of Mr. Howard's control and should not be held against him.

Considering Mr. Howard's age upon release and limited ability to pay, Counsel respectfully requests that the Court award restitution to the victims who have requested it in lieu of an assessment under the AVAA.

Defendant's Response to Government's Sentencing Memorandum - 5

This 29th day of December, 2021.

                      PATE, JOHNSON & CHURCH, LLC

                      <u>/s/ Jess B. Johnson</u>
                      Jess B. Johnson
                      Georgia Bar No.: 322066
                      Pate, Johnson & Church, LLC
                      101 Marietta Street, Suite 3300
                      Atlanta, Georgia 30303
                      (404) 223-3310
                      Attorney for Defendant
                      *Admitted pro hac vice*

                      ARMSTRONG & JAMESON, P.S.

                      <u>/s/ Randy Jameson</u>
                      Randy Jameson
                      Armstrong & Jameson, P.S.
                      1491 Tapteal Dr., Suite A
                      Richland, WA 99352
                      Attorney for Defendant

# **CERTIFICATE OF SERVICE**

This is to certify that I have this day electronically filed the foregoing Response with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 29th day of December, 2021.

PATE, JOHNSON & CHURCH, LLC

/s/ Jess B. Johnson
Jess B. Johnson
Georgia Bar No.: 322066
Pate, Johnson & Church, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310
Attorney for Defendant
*Admitted pro hac vice
